**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Galvan, | ) | CIV 11-1654-PHX-SRB (MHB) |
| Petitioner, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| State of Arizona, et al., | ) ) | |
| Respondents. | ) ) ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Petitioner Robert Galvan, who is confined in the Arizona State Prison – Kingman, has filed a *pro se* Second Amended[1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 8). Respondents filed an Answer (Doc. 13), but despite having the opportunity to do so, Petitioner has not filed a traverse.

**BACKGROUND**[2]

On June 5, 2009, the State of Arizona charged Petitioner with two counts of possession of narcotic drugs for sale (Class 2 felonies), possession of dangerous drugs for sale (Class 2 felony), and possession of drug paraphernalia (Class 6 felony). (Exh. A.) The State amended the indictment to allege aggravating circumstances other than prior convictions, historical prior felony convictions, and commission of offenses while released

---

[1]The Court dismissed Petitioner's habeas petition twice, with leave to amend. (Docs. 5, 7.)

[2] Unless otherwise noted, the following facts are derived from the Exhibits submitted with Doc. 13 – Respondents' Answer.

from confinement.  (Exh. B.)  On January 19, 2010, a jury found Petitioner guilty of possession of narcotic drugs for sale (hydrolyzed crack cocaine), possession of dangerous drugs for sale (methamphetamine), and possession of drug paraphernalia. (Exh. C.) The jury found Petitioner not guilty of one count of possession of narcotic drugs for sale (heroin). (Id.)

On February 17, 2010, Petitioner was sentenced to 15.75 years in prison on the possession of narcotic drugs count (Count 1), 15.75 years on the possession of dangerous drugs for sale count (Count 2), and 3.75 years on the possession of drug paraphernalia count (Count 4), all sentences to run concurrently. (Exh. D, at 2-3.) Petitioner timely commenced his direct appeal and was appointed counsel, who, finding no arguable questions of law that were not frivolous, filed an Anders[3] Brief on his behalf.  (Exh. D.)  The appellate court thereafter granted Petitioner the opportunity to file a supplemental brief, but none was filed. (Exhs. E, F.)

On September 23, 2010, the court of appeals affirmed Petitioner's convictions and sentences. (Exh. F.) Petitioner was then notified by his appellate counsel of his right to seek relief by filing a petition for review in the Arizona Supreme Court, but Petitioner failed to do so.  (Exhs. G, H.)

On October 7, 2010, Petitioner filed a notice of post-conviction relief.  (Exh. I.) Appointed counsel filed a notice of completion of post-conviction review, indicating that he found no colorable claim to raise on Petitioner's behalf.  (Exh. J.)  The trial court granted Petitioner an extension of time to file a *pro per* petition for post-conviction relief.  (Exh. K.) Petitioner, however, never filed a petition for post-conviction relief.  On July 6, 2011, the state court dismissed post-conviction relief proceedings, finding as follows; "[t]he court ordered that the Petition for Post-Conviction Relief be filed by 02/17/11.  This deadline has passed and the defendant has not filed any petition.  No good cause appearing, IT IS ORDERED dismissing the Rule 32 proceeding."  (Exh. N.)

---

[3]  Anders v. California, 386 U.S. 738 (1967)

1    Petitioner filed a Second Amended Petition for Writ of Habeas Corpus (hereinafter
2  "habeas petition") in this Court on October 27, 2011.  (Doc. 8.)  In his habeas petition,
3  Petitioner challenges his state court judgment and sentence. Petitioner presents two grounds
4  for relief: (1) "Violation of Amendment IV right. Illegal search and seizure.  Probable
5  cause"; and (2) "Violation of Amendment VI [r]ight.  To be confronted with the witnesses
6  against him."

7                                    **DISCUSSION**

8         In their Answer, Respondents contend that the claims presented in Petitioner's habeas
9  petition are procedurally defaulted.  Respondents argue that because Petitioner cannot
10  establish the requisite cause and prejudice or a fundamental miscarriage of justice, he is not
11  entitled to federal habeas review of these procedurally defaulted claims.

12  **A.    Exhaustion and Procedural Default**

13         A state prisoner must exhaust his remedies in state court before petitioning for a writ
14  of habeas corpus in federal court.  See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513
15  U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To
16  properly exhaust state remedies, a petitioner must fairly present his claims to the state's
17  highest court in a procedurally appropriate manner.  See O'Sullivan v. Boerckel, 526 U.S.
18  838, 839-46 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona
19  Court of Appeals by properly pursuing them through the state's direct appeal process or
20  through appropriate post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th
21  Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

22         Proper exhaustion requires a petitioner to have "fairly presented" to the state courts
23  the exact federal claim he raises on habeas by describing the operative facts and federal legal
24  theory upon which the claim is based.  See, e.g., Picard v. Connor, 404 U.S. 270, 275-78
25  (1971) ("[W]e have required a state prisoner to present the state courts with the same claim
26  he urges upon the federal courts.").  A claim is only "fairly presented" to the state courts
27  when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim
28  under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)

1  (quotations omitted); <u>see</u> <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner

2  fails to alert the state court to the fact that he is raising a federal constitutional claim, his

3  federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

4      A "general appeal to a constitutional guarantee," such as due process, is insufficient

5  to achieve fair presentation. <u>Shumway</u>, 223 F.3d at 987 (quoting <u>Gray v. Netherland</u>, 518

6  U.S. 152, 163 (1996)); <u>see</u> <u>Castillo v. McFadden</u>, 399 F.3d 993, 1003 (9th Cir. 2005)

7  ("Exhaustion demands more than drive-by citation, detached from any articulation of an

8  underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because

9  its factual basis was presented to the state courts on state law grounds – a "mere similarity

10 between a claim of state and federal error is insufficient to establish exhaustion." <u>Shumway</u>,

11 223 F.3d at 988 (quotations omitted); <u>see</u> <u>Picard</u>, 404 U.S. at 275-77.

12     Even when a claim's federal basis is "self-evident," or the claim would have been

13 decided on the same considerations under state or federal law, a petitioner must still present

14 the federal claim to the state courts explicitly, "either by citing federal law or the decisions

15 of federal courts." <u>Lyons v. Crawford</u>, 232 F.3d 666, 668 (9th Cir. 2000) (quotations

16 omitted), <u>amended by</u> 247 F.3d 904 (9th Cir. 2001); <u>see</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32

17 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief

18 ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

19     Additionally, under the independent state grounds principle, a federal habeas court

20 generally may not review a claim if the state court's denial of relief rests upon an

21 independent and adequate state ground. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32.

22 The United States Supreme Court has explained:

23     In the habeas context, the application of the independent and adequate state
    ground doctrine is grounded in concerns of comity and federalism. Without
24     the rule, a federal district court would be able to do in habeas what this Court
    could not do on direct review; habeas would offer state prisoners whose
25     custody was supported by independent and adequate state grounds an end run
    around the limits of this Court's jurisdiction and a means to undermine the
26     State's interest in enforcing its laws.

27 <u>Id.</u> at 730-31. A petitioner who fails to follow a state's procedural requirements for

28 presenting a valid claim deprives the state court of an opportunity to address the claim in

- 4 -

much the same manner as a petitioner who fails to exhaust his state remedies.  Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief.  See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances.  If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[4] and "adequate"[5] – review of the merits of the claim by a federal habeas court is barred.  See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review.  See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding.  By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

---

[4] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits.  See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[5] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

Furthermore, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris, 489 U.S. at 263 n.9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because Arizona's procedural rules are consistently and regularly followed and are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly

1  followed" Rule 32 of Arizona Rules of Criminal Procedure); State v. Mata, 916 P.2d 1035,

2  1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction

3  proceedings).

4          The federal court will not consider the merits of a procedurally defaulted claim unless

5  a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for

6  his noncompliance and actual prejudice.  See Schlup v. Delo, 513 U.S. 298, 321 (1995);

7  Coleman, 501 U.S. at 750-51;  Murray, 477 U.S. at 495-96.  Pursuant to the "cause and

8  prejudice" test, a petitioner must point to some external cause that prevented him from

9  following the procedural rules of the state court and fairly presenting his claim.  "A showing

10 of cause must ordinarily turn on whether the prisoner can show that some objective factor

11 external to the defense impeded [the prisoner's] efforts to comply with the State's procedural

12 rule.  Thus, cause is an external impediment such as government interference or reasonable

13 unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir.

14 2004) (citations and internal quotations omitted).  Ignorance of the State's procedural rules

15 or other forms of general inadvertence or lack of legal training and a petitioner's mental

16 condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly

17 present his claim.  Regarding the "miscarriage of justice," the Supreme Court has made clear

18 that a fundamental miscarriage of justice exists when a Constitutional violation has resulted

19 in the conviction of one who is actually innocent.  See Murray, 477 U.S. at 495-96.

20 **B.      Grounds One and Two**

21         Having reviewed the record, the Court finds that Petitioner's habeas claims are

22 procedurally defaulted.  Petitioner failed to fairly present his habeas claims on direct appeal

23 or collateral review.  Rather, Petitioner's habeas claims are presented for the first time on

24 federal plenary review.  Consequently, these claims are not exhausted because they were not

25 fully and fairly presented to state courts.  See 28 U.S.C. § 2254(b).  Failure to fairly present

26 Grounds One and Two has resulted in procedural default because Petitioner is now barred

27 from returning to the state courts.  See Ariz.R.Crim.P. 32.2(a), 32.4(a), 32.9(c).  Although

28 a  procedural  default  may  be  overcome  upon  a  showing  of  cause  and  prejudice  or  a

1   fundamental miscarriage of justice, <u>see</u> <u>Coleman</u>, 501 U.S. at 750-51, Petitioner has not
2   established that any exception to procedural default applies.

3                                                        **CONCLUSION**

4           Grounds One and Two set forth in Petitioner's habeas petition are procedurally
5   defaulted, and Petitioner has not established cause for his failure to raise his claims in state
6   court, actual prejudice, or demonstrated that a miscarriage of justice would result if these
7   issues are not addressed.  Thus, the Court will recommend that Petitioner's Second Amended
8   Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

9           **IT IS THEREFORE RECOMMENDED** that Petitioner's Second Amended Petition
10  for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 8) be **DENIED** and
11  **DISMISSED WITH PREJUDICE**;

12          **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
13  to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
14  justified by a plain procedural bar and jurists of reason would not find the procedural ruling
15  debatable.

16  \\\
17  \\\
18  \\\
19  \\\
20  \\\
21  \\\
22  \\\
23  \\\
24  \\\
25  \\\
26  \\\
27  \\\
28  \\\

1    This recommendation is not an order that is immediately appealable to the Ninth

2   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

4   parties shall have fourteen days from the date of service of a copy of this recommendation

5   within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

6   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

7   days within which to file a response to the objections.  Failure timely to file objections to the

8   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

9   and Recommendation by the district court without further review.  See United States v.

10  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

11  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

12  to appellate review of the findings of fact in an order or judgment entered pursuant to the

13  Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

14    DATED this 27th day of April, 2012.

Michelle H. Burns
_____
Michelle H. Burns
United States Magistrate Judge